# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00306-MR-DLH

| | |
|---|---|
| **B&W FIBER GLASS, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**KERNS TRUCKING, INC., ELE LOGISTICS, INC., EXPRESS BROKERAGE, INC., PL TRUCKING, LLC.,**<br><br>Defendants. | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PL TRUCKING, LLC** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment against Defendant PL Trucking, LLC pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. [Doc. 25].

## I. PROCEDURAL BACKGROUND

Plaintiff B&W Fiber Glass, Inc. ("B&W") filed this civil action on August 18, 2016 in the North Carolina General Court of Justice, Superior Court Division, Cleveland County, North Carolina. [Doc. 1-1]. Defendant PL Trucking, LLC ("PL Trucking") was served with the Summons and Complaint on August 24, 2016. [Doc. 15-1 at ¶ 3]. On September 15, 2016, the Defendants Kerns Trucking, Inc., ELE Logistics, Inc., and Express

Brokerage, Inc., with the consent of PL Trucking, filed a Notice of Removal to this Court, citing as a basis for removal the existence of a federal question, namely the application of the Carmack Amendment, 49 U.S.C. § 14706. [Doc. 1].

Following removal, PL Trucking failed to appear, plead, or otherwise defend against the claims asserted. A default was entered against PL Trucking by the Clerk of Court on December 9, 2016. [Doc. 16].

The Plaintiff reached a settlement with the non-defaulting Defendants [see Doc. 24], and on August 14, 2017, the Plaintiff filed a Stipulation of Dismissal as to its claims against these Defendants [Doc. 26]. The Plaintiff now seeks a default judgment against PL Trucking. [Doc. 25].

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once a defendant has been defaulted, the plaintiff may then seek a default judgment. If the plaintiff's claim is for a sum certain or can be made certain by computation, the Clerk of Court may enter the default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant, however, "is not held . . . to admit conclusions of law." Ryan, 253 F.3d at 780 (quoting Nishimatsu, 515 F.2d at 1206). The Court therefore must determine whether the facts as alleged state a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

## III. PLAINTIFF'S FACTUAL ALLEGATIONS

The well-pleaded factual allegations of the Plaintiff's Complaint having been deemed admitted by virtue of the Defendant's default, the following is a summary of the relevant facts.

The Plaintiff B&W Fiber Glass, Inc. manufactures and develops technical fibers, including fiber glass yarn. [Id. at ¶ 2]. The Defendants Kerns Trucking, Inc., ELE Logistics, Inc., Express Brokerage, Inc., and PL Trucking, LLC are all motor carriers providing motor vehicle transportation services for compensation. [Id. at ¶¶ 4, 6, 8, 10].

On October 19, 2015, the Plaintiff entered into a contract with Kerns Trucking to transport nine beams of fiber glass yarn from the Plaintiff's headquarters in Shelby, North Carolina, to Intertape Polymer Group in

Carbondale, Illinois. [Id. at ¶ 14]. Under the terms of the contract, Kerns Trucking agreed to transport the beams to Intertape Polymer Group and bear responsibility for any damage. [Id. at ¶ 15]. Kerns Trucking invoiced the Plaintiff $2,350.00 for the shipment. [Id. at ¶ 19]. Kerns Trucking then tendered the shipment to ELE Logistics and/or Express Brokerage for transportation to Intertape Polymer Group. [Id. at ¶ 20]. Thereafter, ELE Logistics and/or Express Brokerage tendered the shipment to PL Trucking for transportation to Intertape Polymer Group. [Id. at ¶ 21].

The Plaintiff provided the nine beams of fiber glass yarn in good condition, and the Bill of Lading notes that the beams were "received in good order." [Id. at ¶¶ 22, 23]. The nine beams, however, arrived in a damaged condition at Intertape Polymer Group. [Id. at ¶ 24]. The damage to the beams was not caused by: an act of God; a public enemy; an act or omission of the Plaintiff; an act by a public authority; or an inherent vice of nature of the goods. [Id. at ¶ 25]. As a result of the damage, Intertape Polymer Group rejected all nine beams, and the beams were returned to the Plaintiff in Shelby, North Carolina. [Id. at ¶ 26].

As a result of these events, the Plaintiff suffered direct losses of $43,710.74, comprising: (a) a total loss of eight beams of fiberglass yarn in ($40,005.94); (b) a partial loss one beam of fiberglass yarn ($302.00); (c) a

total loss of four steel racks used to transport beams ($2,146.00); and (d) the costs to rework the damaged racks that could be salvaged ($1,256.80). [Declaration of M. Brent Beason ("Beason Decl."), Doc. 25-1 at ¶ 3]. The Plaintiff's damages also include $2,350.00 paid for the shipment. [Id. at ¶ 4]. Accordingly, the Plaintiff's total damages, not including costs, interest or attorneys' fees, are $46,060.74. [Id. at ¶ 5].

The Plaintiff reached a settlement with the non-defaulting Defendants and thereby will recover $25,000 of its damages. After crediting the settlement amount against the Plaintiff's total damages, the Plaintiff's unrecovered damages are $21,060.74. [Id. at ¶ 6].

## IV. DISCUSSION

The Plaintiff brings this action under the Carmack Amendment, 49 U.S.C. § 14706.[1] In order to state a claim under that statute, the Plaintiff must allege: (1) receipt of the goods by the defendant carrier in good order and condition; (2) the arrival of the shipment at its destination in a damaged condition or the failure of the shipment to arrive at all; and (3) the amount of

---

[1] The Plaintiff also asserts an alternative claim for relief against PL Trucking for negligence. [See Doc. 1-1 at 8]. Because the Court finds that the Plaintiff is entitled to relief under the Carmack Amendment, the Court need not address the Plaintiff's negligence claim.

damages. See Missouri Pac. R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 138 (1964).

Upon review of the Plaintiff's Complaint and the Declaration of M. Brent Beason, the Court concludes that the Plaintiff has established the elements necessary to impose liability under the Carmack Amendment. In addition to damages, the Court in its discretion will also award prejudgment interest at a rate of 3.5%[2] simple interest from October 19, 2015 to the date of the entry of judgment. See American Nat'l Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc., 325 F.3d 924, 937 (7th Cir. 2003) (noting that prejudgment interest is typically awarded on Carmack Amendment claim from the date of injury); George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985, 997 (N.D. Ga. 1982) (concluding that damages are "sufficiently certain" to award prejudgment interest on Carmack Amendment claim). Accordingly, the Plaintiff's Motion for Default Judgment against the Defendant PL Trucking, LLC will be granted.

**IT IS, THEREFORE, ORDERED** Plaintiff's Motion for Default Judgment against Defendant PL Trucking, LLC [Doc. 25] is **GRANTED**, and a default judgment is awarded in favor of the Plaintiff and against the Defendant PL Trucking, LLC in the principal amount of $21,060.74, plus

---

[2] This was the prime rate in effect at the end of 2015.

prejudgment interest (calculated at a rate of 3.5% simple interest from October 19, 2015 to the date of the entry of judgment) and costs.

The Clerk of Court is respectfully directed to enter a judgment in accordance with this Order.

**IT IS SO ORDERED.**

Signed: August 30, 2017

Martin Reidinger
United States District Judge